# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SHI INTERNATIONAL CORP., | § | |
| | § | |
| *Plaintiff/Counter-Defendant* | § | |
| v. | § | Civil Action No. 4:23-cv-200-SDJ |
| | § | |
| SECURUS TECHNOLOGIES, LLC | § | |
| | § | |
| *Defendant/Counter-Plaintiff* | § | |

**DEFENDANT/COUNTER-PLAINTIFF SECURUS TECHNOLOGIES, LLC'S THIRD AMENDED INITIAL RULE 26(a)(1) AND MANDATORY DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Court's Order Governing Proceedings [ECF No. 9] Defendant/Counter-Plaintiff Securus Technologies, LLC ("Securus"), by and through its undersigned counsel, provides the following Third Amended initial and mandatory disclosures based on information reasonably available to it at this time. By making these disclosures, Securus does not waive any applicable privilege or evidentiary objection that may apply to the information disclosed. Securus reserves the right to supplement and/or amend these disclosures in accordance with the Federal Rules of Civil Procedure, applicable local rules, and the Court's orders.

**(i) The correct names of the parties to the lawsuit.**

All parties are correctly named to the best of Securus' knowledge and belief. SHI International Corp. is the Plaintiff/Counter-Defendant and Securus Technologies, LLC is the Defendant/Counter-Plaintiff in this action.

**(ii) The names and, if known, address and telephone number of any potential parties to the action.**

Securus is not aware of any potential parties to this action at this time.

**(iii) The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Per the Court's Order Governing Proceedings [ECF No. 9], this list also contains the name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case, and a fair summary of the substance of the information known by such person.**

***<u>SHI Individuals/Witnesses</u>***

1. SHI International Corp.
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

SHI International Corp. ("SHI") is the Plaintiff and Counter-Defendant in this case and will testify through its 30(b)(6) corporate representative as to the factual background of the events giving rise to this lawsuit, including:

(1) SHI's claims that Securus has failed to pay amounts owed to SHI pursuant to the Statements of Work ("SOWs") and "Change Requests" comprising Securus' contract with the Texas Department of Criminal Justice (the "TDCJ Project") [ECF No. 5 at 6-9];

(2) SHI's claims that Securus breached another "series of written contracts—SOWs and Change requests—apart from the TDCJ Project," [ECF No. 5 at 9-12]; and

(3) SHI's claims that Securus breached a "series of written contracts—quotes and Pos," [ECF No. 5 at 12].

In addition, SHI will testify as to the damages it purportedly suffered, the process by which invoices were created, generated, verified, and processed before being sent to SHI. SHI will also testify as to its processes and procedures for ensuring compliance with the parties' agreements and obligations under the same, and SHI's defenses to Securus' counterclaims [ECF No. 7].

2. James Prior
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201

Mr. Prior is SHI's chief financial officer and, in that capacity and upon information and belief, is aware of all internal review, assessment, and strategy undertaken by SHI in connection with the credit hold described in Plaintiffs' First Amended Counterclaim, the SHI/Securus relationship from June 2022 through the present, and SHI's understanding of the price caps and awareness of the amounts overpaid by Securus to SHI and, therefore, has knowledge as to both parties' damages. SHI has not agreed that Mr. Prior is a relevant custodian as part of the Rule 26(f) process.

3. Kristin Cooper
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Ms. Cooper was SHI's Strategic Account Executive responsible for the work performed by SHI in connection with the TDCJ Project. In that capacity, upon information and belief, Ms. Cooper communicated regularly with SHI, vendors, and project sites for work related to the TDCJ Project. Ms. Cooper routinely transmitted quotes, agendas, and other communications to Securus on SHI's behalf during the period of time at issue in this lawsuit. SHI has agreed that Ms. Cooper is a relevant custodian as part of the Rule 26(f) conference process.

4. Lisa Gauger
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Ms. Gauger was a SHI Senior Project Manager in SHI's Advanced Solutions Group that worked on and was directly responsible for the TDCJ Project and, in that capacity, sent and executed many of the change orders and other documents at issue in this case, many of which are specifically identified by SHI in its First Amended Petition [ECF No. 5]. Ms. Gauger also communicated directly with Securus in relation to the TDCJ Project and coordinated multiple aspects of the relationship between the parties. SHI has agreed that Ms. Gauger is a relevant custodian as part of the Rule 26(f) conference process.

5. Ryan Huffine
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Mr. Huffine was SHI's Vice President – Services at the time of the events giving rise to this lawsuit and was authorized to execute documents at issue in this case on behalf of Securus, many of which are specifically identified by SHI in its First Amended Petition [ECF No. 5]. Upon information and belief, Mr. Huffine was also identified as part of the "field services team" on behalf of SHI. SHI has agreed that Mr. Huffine is a relevant custodian as part of the Rule 26(f) conference process.

6. Gabriela Angel
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Ms. Angel was a SHI Project Manager II in SHI's Advanced Solutions Group that worked on the TDCJ Project and, in that capacity, upon information and belief, coordinated work performed at the various work sites and sought approval from various individuals at Securus for multiple aspects of the work performed in connection with the TDCJ Project that is at issue in this case. Ms. Angel also executed documents on SHI's behalf specifically identified by SHI in its First Amended Petition [ECF No. 5]. SHI has agreed that Ms. Angel is a relevant custodian as part of the Rule 26(f) conference process.

7. Alejandra Angel
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Ms. Angel was a lead project manager and SHI Project Manager II in SHI's Advanced Solutions Group that worked on the TDCJ Project and, in that capacity, upon information and belief, both coordinated work performed at the various work sites and sought approval from various individuals at Securus for multiple aspects of the work performed in connection with the TDCJ Project that is at issue in this case. Ms. Angel also executed on SHI's behalf documents specifically identified by SHI in its First Amended Petition [ECF No. 5]. SHI has agreed that Ms. Angel is a relevant custodian as part of the Rule 26(f) conference process.

8. Jessica Cole
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Ms. Cole was SHI's Managing Director in SHI's Advanced Services Group Project Management Office & Operations and worked directly with Securus on multiple aspects of the TDCJ Project. In that capacity, Ms. Cole sent and executed many of the change orders and other documents at issue in this case, many of which are specifically identified by SHI in its First Amended Petition [ECF No. 5]. SHI has agreed that Ms. Cole is a relevant custodian as part of the Rule 26(f) conference process.

9. Shareeq Ahmed
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Mr. Ahmed was SHI's Senior Inside Sales Account Manager and worked directly with Securus to obtain quotes for hardware and services related to the TDCJ Project. In that capacity, Mr. Ahmed communicated directly with other relevant individuals at SHI and Securus, and transmitted quotes and other information to Securus. SHI has agreed that Mr. Ahmed is a relevant custodian as part of the Rule 26(f) conference process.

10. Klark Sweitzer
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Mr. Sweitzer was SHI's Enterprise Regional Vice President and communicated directly with Securus employees regarding the TDCJ Project and the relationship between the parties in connection with the same, including reviewing the work performed by SHI in connection with the agreement between the parties. SHI has agreed that Mr. Sweitzer is a relevant custodian as part of the Rule 26(f) conference process.

11. Joel Fikes
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Mr. Fikes was SHI's Area Vice President South – SHI Commercial and communicated with Securus personnel regarding the TDCJ Project and the overall relationship between the parties. SHI has agreed that Mr. Fikes is a relevant custodian as part of the Rule 26(f) conference process.

12. Henry Egan
    c/o Jamil N. Alibhai
    Munsch Hardt Kopf & Harr, P.C.
    500 N. Akard St., Suite 3800
    Dallas, Texas 75201
    713-222-1475

    Mr. Egan was an SHI Advanced Solutions Group Services Manager South and communicated with Securus on behalf of SHI about a range of projects being worked on by the parties that, upon information and belief, are the projects subject to SHI's allegations of breach identified by SHI in its First Amended Petition [ECF No. 5]. SHI has agreed that Mr. Egan is a relevant custodian as part of the Rule 26(f) conference process.

13. Dustin Fargason
    c/o Jamil N. Alibhai
    Munsch Hardt Kopf & Harr, P.C.
    500 N. Akard St., Suite 3800
    Dallas, Texas 75201
    713-222-1475

    Mr. Fargason was SHI's Corporate Services PMO Manager and, in that capacity, communicated with multiple Securus employees identified in SHI's First Amended Petition [ECF No. 5] about the TDCJ Project. SHI has agreed that Mr. Fargason is a relevant custodian as part of the Rule 26(f) conference process.

14. Ryan Sheehan
    c/o Jamil N. Alibhai
    Munsch Hardt Kopf & Harr, P.C.
    500 N. Akard St., Suite 3800
    Dallas, Texas 75201
    713-222-1475

    Mr. Sheehan was SHI's Senior Vice President – Advanced Solutions Group and, in that capacity, communicated directly with Securus and, upon information and belief, had oversight responsibilities for SHI as to the relationship between the parties and SHI's compliance with its obligations under the TDCJ Project. SHI has agreed that Mr. Sheehan is a relevant custodian as part of the Rule 26(f) conference process.

15. Andreas Poswencyk
    c/o Jamil N. Alibhai
    Munsch Hardt Kopf & Harr, P.C.
    500 N. Akard St., Suite 3800
    Dallas, Texas 75201
    713-222-1475

Mr. Poswencyk was SHI's Accounts Receivable Manager – Commercial and, in that capacity and upon information and belief, transmitted many of the invoices at issue in this case to Securus and communicated with Securus regarding the same, including providing statements for accounts related to the TDCJ Project and the parties' dispute here. SHI has agreed that Mr. Poswencyk is a relevant custodian as part of the Rule 26(f) conference process.

16. Brett Neie
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Mr. Neie was SHI's Director – Service Sales and, upon information and belief, participated in the ongoing discussions between the parties related to the TDCJ Project. SHI has agreed that Mr. Neie is a relevant custodian as part of the Rule 26(f) conference process.

17. Rob Lawler
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Mr. Lawler was SHI's Lead Account Receivables Specialist and, in that capacity, communicated directly with Securus about the payments made by Securus to SHI as well as those purportedly owed by Securus that are subject to this lawsuit. Mr. Lawler provided invoices requested by Securus in efforts to resolve this dispute prior to litigation as described in Securus' Counterclaims [ECF No. 7]. SHI has agreed that Mr. Lawler is a relevant custodian as part of the Rule 26(f) conference process.

18. Brandyn Morgan
c/o Jamil N. Alibhai
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 3800
Dallas, Texas 75201
713-222-1475

Ms. Morgan was SHI's Corporate Resource Manager and, in that capacity, communicated directly with Securus personnel regarding the status of work and/or concerns with the work at TDCJ sites at issue in this lawsuit. SHI has agreed that Ms. Morgan is a relevant custodian as part of the Rule 26(f) conference process.

19. Keith Tessin
    c/o Jamil N. Alibhai
    Munsch Hardt Kopf & Harr, P.C.
    500 N. Akard St., Suite 3800
    Dallas, Texas 75201
    713-222-1475

    Mr. Tessin was employed as SHI's Strategic Sales – TOLA and, in that capacity, communicated with various Securus employees and executives in efforts to obtain business opportunities from Securus (including, upon information and belief, the TDCJ Project and others identified in Plaintiff's claims [ECF No. 5]) and made representations to Securus regarding SHI's capabilities and commitments in connection with the same. SHI has agreed that Mr. Tessin is a relevant custodian as part of the Rule 26(f) conference process.

20. Howard Thein
    c/o Jamil N. Alibhai
    Munsch Hardt Kopf & Harr, P.C.
    500 N. Akard St., Suite 3800
    Dallas, Texas 75201
    713-222-1475

    Mr. Thein was employed by SHI as an Accounts Receivable Specialist and, in that capacity, communicated repeatedly with Securus regarding the invoices and accounts at issue in this lawsuit, including, upon information and belief, the TDCJ Project and others identified in Plaintiff's claims [ECF No. 5]. SHI has agreed that Mr. Thein is a relevant custodian as part of the Rule 26(f) conference process.

21. Catherin McNelly
    c/o Jamil N. Alibhai
    Munsch Hardt Kopf & Harr, P.C.
    500 N. Akard St., Suite 3800
    Dallas, Texas 75201
    713-222-1475

    Ms. McNelly was SHI's Service Consultant – Corp Lifecycle Services and, in that capacity, communicated with Securus about the work to be performed in connection to the TDCJ Project. Ms. McNelly also drafted statements of work, some of which are, upon information and belief, identified in Plaintiffs' claims [ECF No. 5].

22. Abby Mallea
    c/o Jamil N. Alibhai
    Munsch Hardt Kopf & Harr, P.C.
    500 N. Akard St., Suite 3800
    Dallas, Texas 75201
    713-222-1475

Ms. Mallea was employed as an Accounts Receivable Specialist by SHI and, in that capacity, transmitted invoices to Securus that, upon information and belief, include amounts identified in Plaintiffs' claims [ECF No. 5].

***Securus Individuals/Witnesses***

1. Securus Technologies, LLC
   c/o Jeff Tillotson
   **Tillotson Johnson & Patton**
   1201 Main St., Suite 1300
   Dallas, Texas 75202
   214-382-3044

   Securus Technologies, LLC is the Defendant and Counter-Plaintiff in this case and will testify through its 30(b)(6) corporate representative as to the factual background of the events giving rise to this lawsuit, including both its affirmative defenses to SHI's claims and the factual circumstances giving rise to its Counterclaims [ECF No. 7].

   In addition, Securus will testify as to the damages it has suffered, the relationship between the parties, the parties' agreements and obligations under those agreements, and the overall nature of the TDCJ Project and SHI's role in the same.

2. Greg Saxon
   c/o Jeff Tillotson
   **Tillotson Johnson & Patton**
   1201 Main St., Suite 1300
   Dallas, Texas 75202
   214-382-3044

   Mr. Saxon was Securus' Vice President, Operations and communicated directly with SHI regarding the work performed in connection with the TDCJ Project and the invoices in dispute in this lawsuit, several of which are specifically identified in Plaintiff's First Amended Petition [ECF No. 5]. Securus has agreed that Mr. Saxon is a relevant custodian as part of the Rule 26(f) conference process.

3. David Brennan
   c/o Dave Wishnew
   **Crawford Wishnew Lang**
   1700 Pacific Ave #2390,
   Dallas, Texas 75201
   214-817-4500

Mr. Brennan was Securus' Senior Manager, Contractor Operations & Performance and worked with SHI on the TDCJ Project. SHI specifically identifies Mr. Brennan in its First Amended Petition [ECF No. 5]. Securus has agreed that Mr. Brennan is a relevant custodian as part of the Rule 26(f) conference process.

4. Hezi Ben Moshe
c/o Jeff Tillotson
**Tillotson Johnson & Patton**
1201 Main St., Suite 1300
Dallas, Texas 75202
214-382-3044

Mr. Ben Moshe was a Vice President of IT Operations and had some involvement with the TDCJ Project and communicated with others at Securus regarding the SHI relationship. Mr. Ben Moshe is specifically identified by SHI in its Answer to Securus' Original Counterclaim [ECF No. 11]. Securus has agreed that Mr. Ben Moshe is a relevant custodian as part of the Rule 26(f) conference process.

5. Jerimy Thompson
c/o Jeff Tillotson
**Tillotson Johnson & Patton**
1201 Main St., Suite 1300
Dallas, Texas 75202
214-382-3044

Mr. Thompson was Securus' West Region Install Manager and communicated on occasion with SHI personnel. Mr. Thompson is specifically identified by SHI in its First Amended Complaint [ECF No. 5]. Securus has agreed that Mr. Thompson is a relevant custodian as part of the Rule 26(f) conference process.

6. Ryan Edwards
c/o Jeff Tillotson
**Tillotson Johnson & Patton**
1201 Main St., Suite 1300
Dallas, Texas 75202
214-382-3044

Mr. Edwards was a Securus Category Manager during the time period at issue. In that capacity, Mr. Edwards received and sent correspondence and documents to SHI, including purchase orders and other material. Mr. Edwards is specifically identified by SHI in its First Amended Complaint [ECF No. 5]. Securus has agreed that Mr. Edwards is a relevant custodian as part of the Rule 26(f) conference process.

7. Philip Ninan
   c/o Jeff Tillotson
   **Tillotson Johnson & Patton**
   1201 Main St., Suite 1300
   Dallas, Texas 75202
   214-382-3044

   Mr. Ninan was Securus' Vice President Finance. In that capacity Mr. Ninan communicated with SHI regarding the invoices at issue in this lawsuit, the relationship between the parties, and the TDCJ Project. Securus has agreed that Mr. Ninan is a relevant custodian as part of the Rule 26(f) conference process.

8. Mary Clear
   c/o Jeff Tillotson
   **Tillotson Johnson & Patton**
   1201 Main St., Suite 1300
   Dallas, Texas 75202
   214-382-3044

   Ms. Clear was Securus' Vice President and Corporate Controller and, in that capacity, was aware of the dispute generally and between the parties related to the TDCJ Project specifically. Securus has agreed that Ms. Clear is a relevant custodian as part of the Rule 26(f) conference process.

9. Jared Pereira
   c/o Jeff Tillotson
   **Tillotson Johnson & Patton**
   1201 Main St., Suite 1300
   Dallas, Texas 75202
   214-382-3044

   Mr. Pereira was a Manager – Category IT during the time period at issue and, in that capacity, communicated occasionally with SHI personnel regarding purchase orders and/or invoices related to the dispute here and is specifically identified in Plaintiff's First Amended Petition [ECF No. 5]. Securus has agreed that Mr. Pereira is a relevant custodian as part of the Rule 26(f) conference process.

10. David Guzman
    c/o Jeff Tillotson
    **Tillotson Johnson & Patton**
    1201 Main St., Suite 1300
    Dallas, Texas 75202
    214-382-3044

Mr. Guzman was a Securus Manager, Category Field Services during the time period at issue and, in that capacity, had limited involvement with the relationship between SHI and Securus as it related to the TDCJ Project. Securus has agreed that Mr. Guzman is a relevant custodian as part of the Rule 26(f) conference process.

11. Matt Pareti
c/o Jeff Tillotson
**Tillotson Johnson & Patton**
1201 Main St., Suite 1300
Dallas, Texas 75202
214-382-3044

Mr. Paraeti was the Securus Chief Operating Officer during the time period at issue. In that capacity, Mr. Pareti had knowledge of the relationship between the parties, the TDCJ Contract, and the circumstances surrounding the exchange of materials between Securus and SHI. Mr. Pareti is specifically identified in Plaintiff's First Amended Petition [ECF No. 5]. Securus has agreed that Mr. Pareti is a relevant custodian as part of the Rule 26(f) conference process.

12. Norma Ortiz
c/o Jeff Tillotson
**Tillotson Johnson & Patton**
1201 Main St., Suite 1300
Dallas, Texas 75202
214-382-3044

Ms. Ortiz was a Securus Accounts Payable Processor II during the time period at issue and, in that capacity, was responsible for communicating with SHI personnel regarding invoices and/or work performed related to the TDCJ Project. Securus has agreed that Ms. Ortiz is a relevant custodian as part of the Rule 26(f) conference process.

13. Kevin Brown
c/o Jeff Tillotson
**Tillotson Johnson & Patton**
1201 Main St., Suite 1300
Dallas, Texas 75202
214-382-3044

Mr. Brown was the Securus Installation Manager, Field Services during the time period at issue and, in that capacity, may have limited information about work performed by SHI related to the TDCJ Project. Mr. Brown is specifically identified in Plaintiff's First Amended Petition [ECF No. 5]. Securus has agreed that Mr. Brown is a relevant custodian as part of the Rule 26(f) conference process.

14. Sean McAllister
    c/o Jeff Tillotson
    **Tillotson Johnson & Patton**
    1201 Main St., Suite 1300
    Dallas, Texas 75202
    214-382-3044

    Mr. McAllister was the Securus Director – Supply Chain during the time period at issue and, in that capacity, may have had limited information about the materials being ordered or requisitioned in connection with the TDCJ Project.

***Potential Third-Party Witnesses***

1. Infinite Networks, Inc.
   (contact information forthcoming)

   Securus has identified Infinite Networks, Inc. as a subcontractor, vendor, and/or third-party service provider engaged by SHI in connection with SHI's work on the TDCJ Project. Securus believes that Infinite Networks, Inc. has relevant knowledge of the work performed in relation to the TDCJ Project, the invoices for which SHI seeks payment in this case, and the relationship between Securus, SHI, the TDCJ, and other third parties.

2. Inobranch, LLC
   (contact information forthcoming)

   Securus has identified Inobranch, LLC as subcontractor, vendor, and/or third-party service provider engaged by SHI in connection with SHI's work on the TDCJ Project. Securus believes that Inobranch, LLC has relevant knowledge of the work performed in relation to the TDCJ Project, the invoices for which SHI seeks payment in this case, and the relationship between Securus, SHI, the TDCJ, and other third parties.

3. Insight Global, Inc.
   (contact information forthcoming)

   Securus has identified Insight Global, Inc. as subcontractor, vendor, and/or third-party service provider engaged by SHI in connection with SHI's work on the TDCJ Project. Securus believes that Insight Global, Inc. has relevant knowledge of the work performed in relation to the TDCJ Project, the invoices for which SHI seeks payment in this case, and the relationship between Securus, SHI, the TDCJ, and other third parties.

4. Sunrise IT Solutions Group, LLC
(contact information forthcoming)

Securus has identified Sunrise IT Solutions Group, LLC as subcontractor, vendor, and/or third-party service provider engaged by SHI in connection with SHI's work on the TDCJ Project. Securus believes that Sunrise IT Solutions Group, LLC has relevant knowledge of the work performed in relation to the TDCJ Project, the invoices for which SHI seeks payment in this case, and the relationship between Securus, SHI, the TDCJ, and other third parties.

5. AIW Diversified Solutions LLC
(contact information forthcoming)

Securus has identified AIW Diversified Solutions LLC as subcontractor, vendor, and/or third-party service provider engaged by SHI in connection with SHI's work on the TDCJ Project. Securus believes that AIW Diversified Solutions LLC has relevant knowledge of the work performed in relation to the TDCJ Project, the invoices for which SHI seeks payment in this case, and the relationship between Securus, SHI, the TDCJ, and other third parties.

6. Essintial Enterprise Solutions, LLC
(contact information forthcoming)

Securus has identified Essintial Enterprise Solutions, LLC as subcontractor, vendor, and/or third-party service provider engaged by SHI in connection with SHI's work on the TDCJ Project. Securus believes that Essintial Enterprise Solutions, LLC has relevant knowledge of the work performed in relation to the TDCJ Project, the invoices for which SHI seeks payment in this case, and the relationship between Securus, SHI, the TDCJ, and other third parties.

7. MKD Electric, LLC
(contact information forthcoming)

Securus has identified MKD Electric, LLC as subcontractor, vendor, and/or third-party service provider engaged by SHI in connection with SHI's work on the TDCJ Project. Securus believes that MKD Electric, LLC has relevant knowledge of the work performed in relation to the TDCJ Project, the invoices for which SHI seeks payment in this case, and the relationship between Securus, SHI, the TDCJ, and other third parties.

8. Americans Technician Services LLC
(contact information forthcoming)

Securus has identified Americans Technician Services LLC as subcontractor, vendor, and/or third-party service provider engaged by SHI in connection with SHI's work on the TDCJ Project. Securus believes that Americans Technician Services LLC has relevant knowledge of the work performed in relation to the TDCJ Project, the invoices for which SHI seeks payment in this case, and the relationship between Securus, SHI, the TDCJ, and other third parties.

9. Techadox, Inc.
(contact information forthcoming)

Securus has identified Techadox, Inc. as subcontractor, vendor, and/or third-party service provider engaged by SHI in connection with SHI's work on the TDCJ Project. Securus believes that Techadox, Inc. has relevant knowledge of the work performed in relation to the TDCJ Project, the invoices for which SHI seeks payment in this case, and the relationship between Securus, SHI, the TDCJ, and other third parties.

10. United Rentals (North America), Inc.
(contact information forthcoming)

Securus has identified United Rentals (North America), Inc. as subcontractor, vendor, and/or third-party service provider engaged by SHI in connection with SHI's work on the TDCJ Project. Securus believes that United Rentals (North America), Inc. has relevant knowledge of the work performed in relation to the TDCJ Project, the invoices for which SHI seeks payment in this case, and the relationship between Securus, SHI, the TDCJ, and other third parties.

As discovery has not yet begun and the parties are still engaged in identifying additional custodians and witnesses, Securus reserves the right to supplement this designation with additional witnesses promptly upon becoming aware of the same. In addition, Securus is reviewing proposed custodians and will supplement this disclosure upon conferring with opposing counsel as to those custodians proposed by SHI. Securus has not agreed that all possible custodians are necessarily appropriate fact witnesses. Securus will continue to confer with SHI to resolve these matters. Securus further reserves the right to elicit testimony and information from persons designated Plaintiff.

**(iv) The authorizations described in Local Rule CV-34.**

Securus does not believe the authorizations described in Local Rule CV-34 are applicable to this case at this time but will supplement its production and these disclosures promptly as necessary.

**(v) A description by category of all documents, electronically stored information, and tangible things in Defendant's possession, custody, or control that may be used by Defendant to support its claims or defenses, unless the use would be solely for impeachment.**

1. Emails and other correspondence and documents exchanged with Securus related to the TDCJ project, the parties' relationship, and the invoices/amounts at issue in this lawsuit, including but not limited to: (a) change requests; (b) invoices sent by SHI to Securus; (c) purported approvals or rejections of SHI invoices; (d) communications between the parties following up on invoices transmitted from SHI to Securus; and (e) the invoice approval and payment process

2. Invoices, "statements of work," and "change orders" received from SHI related to the TDCJ Project.

3. Documents and other materials related to payments made by Securus to SHI in connection with the invoices, statements of work, change requests, or other quotes at issue in this lawsuit, including the invoices themselves, proof of payment of the same, proof of receipt of materials, and records of work completed or not completed by SHI.

4. Communications with third parties related to the quality, completion, and/or status of work performed by SHI pursuant to the TDCJ Project.

5. Policies and procedures relating to invoice processing and payment, authority to modify or accept contractual changes, and SHI's policies and procedures relating to submitting change requests and invoices.

6. Internal, non-privileged emails and other communications relating to the parties' relationship, the TDCJ project, and the invoices, payments, change orders, quotes, and disputes at issue in this lawsuit.

The documents and communications described above exist in electronic format on various computer systems and/or computer servers. Securus will comply with its obligations to obtain and produce them in the appropriate format. In addition, Securus will make available any materials not electronically available.

**(vi) Computation of damages claimed by the disclosing party.**

Securus is in the process of reviewing and assessing documents produced in this case and evaluating the amount of damages it has suffered due to SHI's conduct as detailed in Securus' First Amended Counterclaim [ECF No. 18] (as well as SHI's pleadings). As described in ECF No. 18, the format and volume of SHI invoices is a complicating factor that predates this litigation and SHI's invoicing methodology has created multiple problems for Securus both before and during this litigation. Securus reserves the right to amend these Disclosures as necessary as discovery proceeds in this case and presents this Second Amended Disclosures of its computation of damages being claimed by Securus as

its live disclosure of damages it is asserting for which it has the burden of proof in this lawsuit based on the documents that have been produced in this case by SHI.

In its live Counterclaim, Securus asserts that it has suffered damages in the amounts it involuntarily, inadvertently, and/or mistakenly and without full knowledge of the facts and under duress and/or compulsion paid over the not-to-exceed price/billing caps agreed to between the parties. To compute such amounts, Securus engaged Stout Risius Ross, LLC ("Stout") to analyze the SOWs and the amounts paid by Securus to SHI. Contemporaneously with this Second Amended Disclosure, Securus is serving the Expert Witness Report of Jeffrey J. Mordaunt dated November 20, 2023 (the "Stout Report") which is incorporated into these disclosures as if fully stated herein. The Stout Report analyzes the amounts Securus may seek as damages comprised of amounts Securus involuntarily, inadvertently, and/or mistakenly and without full knowledge of the facts and under duress and/or compulsion overpaid SHI above the agreed-upon not-to-exceed price caps and for which Securus seeks recovery. Securus' damages described herein reflect the calculations performed by Stout and Mr. Mourdant as described in the Stout Report.

As described in the Stout Report, Securus and SHI agreed to SOWS for the TDCJ Project "regions" or "sites," each of which contained not-to-exceed amounts (or price caps). Each SOW was subject to its own not-to-exceed price cap. The not-to-exceed caps cover service fees, not materials costs or travel expenses, as described in the Stout Report. After removing the latter two charges and adjusting for taxes and comparing the amounts Securus paid to SHI over the amounts of the contractual not-to-exceed price caps, Securus asserts that (1) if calculated at the site level, Securus has involuntarily, inadvertently, and/or mistakenly and without full knowledge of the facts and under duress and/or compulsion overpaid SHI by at least $6,474,575.00; or (2) if calculated at the region level, Securus has involuntarily, inadvertently, and/or mistakenly and without full knowledge of the facts and under duress and/or compulsion overpaid SHI by at least $5,652,334.

***Amounts overbilled but not paid.*** As discussed herein and in the parties' live pleadings, Securus also contests that it owes any further amounts that SHI has billed Securus over the not-to-exceed price caps that have not been paid by Securus. Stated differently, SHI asserts that Securus owes it all unpaid amounts; Securus maintains that it does not owe any unpaid amounts over the not-to-exceed caps and will provide additional information and disclosure of those amounts as discovery proceeds.

***Attorneys' Fees.*** Securus asserts it is entitled to reasonable attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.0001.

***Calculations and Methodology.*** The calculations and methodology for Securus' damages related to its overpayments to SHI are described and presented in the Stout Report which is being served contemporaneously with these Second Amended Disclosures.

**(vii) Insurance Agreements.**

None.

DATED: January 5, 2024

Respectfully submitted,

*/s/ Austen Irrobali*

Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
J. Austen Irrobali
Texas Bar No. 24092564
airrobali@tillotsonlaw.com
**TILLOTSON JOHNSON & PATTON**
One Main Place
1201 Main St., Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR DEFENDANT / COUNTER-PLAINTIFF SECURUS TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was served upon all counsel herein by ECF and in accordance with the Federal Rules of Civil Procedure on January 5, 2024.

*/s/ Austen Irrobali*
Austen Irrobali