# EXHIBIT 61

Planet **Depos**

We Make It *Happen*™

# Transcript of Kristin Cooper

**Date:** April 5, 2024

**Case:** SHI International Corp. -v- Securus Technologies, LLC

**Planet Depos**
**Phone:** 888.433.3767
**Email:** transcripts@planetdepos.com
**www.planetdepos.com**

WORLDWIDE COURT REPORTING & LITIGATION TECHNOLOGY

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

SHI INTERNATIONAL CORP., )
)
PLAINTIFF, )
)
VS. ) CIVIL ACTION
)
) NO.: 4:23-CV-00200-SDJ
SECURUS TECHNOLOGIES, )
LLC, )
)
DEFENDANT. )

---------------------------------------------------

ORAL AND VIDEOTAPED DEPOSITION OF

KRISTIN COOPER

APRIL 5, 2024

---------------------------------------------------

ORAL AND VIDEOTAPED DEPOSITION OF KRISTIN COOPER, produced as a witness at the instance of the Plaintiff, and duly sworn, was taken in the above-styled and numbered cause on the APRIL 5, 2024, from 10:05 a.m. to 3:29 p.m., before Kelly Bryant, CSR in and for the State of Texas, reported by machine shorthand, at Munsch, 500 N. Akard Suite 4000, Dallas, Texas pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

2

A P P E A R A N C E S

FOR THE PLAINTIFF:

JAMIL N. ALIBHAI
KAREN ALDAY LEE
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 4000
Dallas, TX 75201
Telephone: (214) 855-7500
Jalibhai@munsch.com
Klee@munsch.com

FOR THE DEFENDANT:

JEFF TILLOTSON
PEARCE ILLMER
Tillotson Johnson & Patton
1201 Main Street, Suite 1300
Dallas, Texas 75202
Telephone: 214.382.3044
Jtillotson@tillotsonlaw.com
Pillmer@tillotsonlaw.com

ALSO PRESENT:

Brian Kreiger, videographer
William Bird (via Zoom)
Joshus Martin (via Zoom)

3

INDEX


| | | PAGE |
|---|---|---|
| KRISTIN COOPER | | |
| DIRECT EXAMINATION BY MR. TILLOTSON | | 4 |


EXHIBITS


| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Statement of Work for Securus | 22 |
| Exhibit 2 | E-mail chain | 31 |
| Exhibit 3 | Teams chat | 47 |
| Exhibit 4 | E-mail from Mr. Fikes | 56 |
| Exhibit 5 | Daily tracking reports | 59 |
| Exhibit 6 | Daily tracking reports | 64 |
| Exhibit 7 | Services team pitch | 72 |
| Exhibit 8 | Teams chat | 78 |
| Exhibit 9 | E-mail chain | 81 |
| Exhibit 10 | Teams exchanges | 88 |
| Exhibit 11 | Email from Kevin Brown | 95 |
| Exhibit 12 | E-mail chain | 97 |
| Exhibit 13 | E-mail exchange from Kristin Cooper | 98 |
| Exhibit 14 | Consolidated invoice | 98 |
| Exhibit 15 | E-mail chain | 104 |
| Exhibit 16 | E-mail chain | 107 |
| Exhibit 17 | E-mail chain | 112 |
| Exhibit 18 | E-mail chain | 120 |
| Exhibit 19 | Credit authorization changes | 122 |
| Exhibit 20 | Teams chat | 127 |
| Exhibit 21 | E-mail and change requests | 129 |
| Exhibit 22 | E-mail and change requests | 129 |
| Exhibit 23 | E-mail chain | 137 |
| Exhibit 24 | E-mail chain | 139 |
| Exhibit 25 | E-mail chain | 140 |
| Exhibit 26 | SHI SLT Securus Summary | 144 |


4

P R O O C E E D I N G S

VIDEOGRAPHER: Here begins Media No. 1 in the videotaped deposition of Kristin Cooper. This is in the matter of SHI International Corporation versus Securus Technologies, LLC. This is in the United States District Court, Eastern District of Texas, Sherman Division, filed as Civil Action No. 4:23-CV-200-SDJ.

Today's date is Friday, April 5th, 2024. Our time on the video monitor is 10:19 a.m. The videographer today is Brian Krieger, representing Planet Depos.

This video deposition is taking place at 500 North Akard Street, Suite 4000 in Dallas, Texas.

If Counsel would please identify themselves for the record and state whom they represent.

MR. TILLOTSON: Jeff Tillotson and Pearce Illmer here on behalf of the Defendant Securus.

MR. ALIBHAI: Jamil Alibhai and Karen Alread (sic) on behalf of SHI.

VIDEOGRAPHER: The court reporter today is Kelly Bryant, also representing Planet Depos, and the witness will now be sworn.

KRISTIN COOPER,
having been first duly sworn, testified as follows:
DIRECT EXAMINATION

37

Q. -- but those are change requests for specific items or things; is that fair? Specific equipment or some specific work you want to do now that you know you have to do additional things?
**A. Correct.**
Q. Okay. All -- all right. Tell me what you recall about who -- the authorization process --
**A. Uh-huh.**
Q. -- for getting change requests signed from this August meeting?
**A. Greg Saxon told all of us in the room that David Brennan had authorization to sign off on these change requests.**
Q. The ones you were discussing at this meeting?
**A. Change requests in general. When we had change requests coming up, who has authorization to sign them.**
Q. Okay. Who -- who within your team at SHI was responsible for preparing getting the change requests signed?
**A. The services team.**
Q. Okay. If you'll look at this, it's -- you'll see at the bottom, there's little doohickeys, numbers, I guess, SHI?
**A. Uh-huh.**
Q. If you'll look at 01 -- page 017, ends in 017.

38

**A. Uh-huh.**
Q. 017.
There's the -- the bullet point there that says, David Brennan, value of contractors is his role.
Do you see that?
**A. Yes, at the top.**
Q. Do you remember anything about being told what Mr. Brennan's role was going to be in the project?
**A. His role -- I don't recall. I know there was a conversation, but I -- I don't recall. It was between the services team --**
Q. Okay.
**A. -- and David.**
Q. Had you dealt -- you had not dealt with David Brennan as part of the pitch process; is that correct?
**A. No.**
Q. Okay. If you'll look at page -- now go forward or backward. I can't remember which page. 016.
If you'll look down at the third bullet point, it says, Everything starts with Ryan Edwards for all procurement process for anything.
**A. Uh-huh.**
Q. Do you see that?
**A. Uh-huh.**
Q. Does that refresh your recollection regarding

39

whether or not it was Mr. Edwards who was identified as the person who would be handling the procurement change request process?
**A. No. Ryan was not -- Ryan was in charge of procurement for software and hardware, not for the services or Statements of Work or change requests.**
Q. Okay.
**A. So Ryan -- there were several people that were on the procurement team, and Ryan specifically was IT procurement but for software and hardware.**
Q. Okay. Got it. But -- but just so we can confirm, you don't see anything in here that suggests there was any discussion about the need for change requests to lift the not-to-exceed limits; is that fair?
**A. Okay. Re-ask me that question.**
Q. Sure. We've looked at the SOWs that have a not-to-exceed limit.
**A. Right.**
Q. Do you see that?
**A. Right.**
Q. And it says you can't -- you're not going to charge them more than that amount --
**A. Uh-huh.**
Q. -- unless there's a change request, correct?
**A. Correct.**

40

Q. Okay. So there's -- one way to do that is if there's a specific thing you need to do that's not in your -- your estimates --
**A. Uh-huh.**
Q. -- you'd ask for a change request for that, correct?
**A. Correct.**
Q. And for some specific equipment you need that's more than what you thought, you would ask for a change request?
**A. Correct.**
Q. And those kinds of change requests were being discussed at this August meeting, fair?
**A. Yes.**
Q. Okay. Then there is the notion that we're going to change the not-to-exceed amount together or get rid of it.
Are you familiar with that?
**A. Okay.**
Q. I don't see anything that that was discussed in this August meeting based on this report.
Do you see anything in here that says there was a discussion among the parties at this August in-person meeting saying we're going to have to remove those not-to-exceed limits?

tell Securus --
**A. Yes.**
Q. -- as the account exec; is that fair?
**A. Yes.**
Q. Okay. And -- and I'm using this because I -- I just want to make sure that when we're talking or -- or addressing issues about the actual install, your job was getting information, passing it along to the client, fair?
**A. Uh-huh. Correct, yeah.**
Q. You're not the one actually trying to go out and find subcontractors for this?
**A. No.**
Q. That's someone else. Okay.
Do you remember was there -- was there ever any internal talk that you were aware of that, because there was this rushed scramble to get a bunch of people for a second shift, that Securus -- that SHI wound up retaining some nonqualified or unqualified subcontractors?
**A. I'm not aware of that.**
(Defendant's Exhibit No. 9 marked)
MR. TILLOTSON: Okay. All right. Okay. Let me show you one more in this vein. Just -- I'll hand you what we've marked as Exhibit 9 to your



deposition. Okay.
Feel free to -- to look as much as you want.
THE WITNESS: Let me start from the bottom.
(Witness viewing document)
MR. TILLOTSON: Sure. I'll -- I'll -- I'll tell you you're not on any of the e-mails until the very end, but -- but please --
THE WITNESS: Right.
MR. TILLOTSON: -- attempt to understand what the issue is, if it helps you answer my question.
THE WITNESS: Okay. What was your question again?
MR. TILLOTSON: Okay. I hadn't asked. Just to familiarize --
THE WITNESS: Okay.
Q. (BY MR. TILLOTSON) Okay. So they're having this -- this is now the next day, August 3rd?
**A. Uh-huh.**
Q. And there -- there -- there's a complaint here about escorts.
Did you ever deal with the e-mail from -- on the first pages from Danielle Thibodeaux.
Did you ever deal with her?
**A. No.**



Q. You did deal with Hezi Benmoshe, though?
**A. I did.**
Q. Okay. Tell me what you -- what were your dealings with him?
**A. Hezi, he -- he was the one that was leading the project when we first started to pitch several years ago.**
**So he was really the project lead working with me to make sure -- he was -- he honestly was my conveyor of information from Securus, like you guys need to be doing this for us, can you relay this to your team.**
Q. Got it. Did he ever tell you anything about who had authority or ability to sign change requests on behalf of Securus?
**A. I don't recall Hezi telling me.**
Q. Okay. Did you have authority to -- to sign change requests on behalf of SHI?
**A. No.**
Q. Okay. And you've told me that Mr. Saxon told you at one point, you think at that August meeting, that Mr. Brennan could sign change requests; is that right?
**A. I 100 percent remember Mr. Saxon saying that.**
Q. Tell -- tell me what -- how it came up.
**A. Because we asked who -- who has authorization**



**to sign off on these things. Like, what's your authorization process to sign off on change requests when they come up so we don't slow work down, and Greg said that David has authorization to sign off on the change requests.**
Q. Okay. And -- but there had been change requests before that during August of 2022 on the project. You had already added a second shift.
**A. Uh-huh.**
Q. Was there some lack of clarity as to who could sign change requests at that time?
**A. I believe it's because there's another gentleman named David Guzman that was working at Securus at the time and he got let go.**
Q. Okay.
**A. There were changes in the procurement department and David was still -- David Brennan was still fairly new.**
Q. Got it. Okay. Had you ever seen any change requests signed, like how Securus did it?
**A. Just the signature, no. They went to Alejandra. She sent out -- or Lisa.**
Q. Okay.
**A. They would send out the change requests.**
Q. So if I ask you: What was the process

153

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

JAMIL N. ALIBHAI
KAREN ALDAY LEE
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 4000
Dallas, TX 75201
Telephone: (214) 855-7500
Jalibhai@munsch.com
Klee@munsch.com

JEFF TILLOTSON
PEARCE ILLMER
Tillotson Johnson & Patton
1201 Main Street, Suite 1300
Dallas, Texas 75202
Telephone: 214.382.3044
Jtillotson@tillotsonlaw.com
Pillmer@tillotsonlaw.com

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Further certification requirements pursuant to Rule 203 of TRCP will be certified to after they have occurred.

154

Certified to by me this 18th day of April, 2024.

Kelly Bryant

KELLY BRYANT
Texas CSR No. 5772
Expiration Date: 07/31/25