# EXHIBIT 62

Planet Depos
We Make It Happen™

# Transcript of Jessica Cole, Designated Representative

**Date:** February 29, 2024
**Case:** SHI International Corp. -v- Securus Technologies, LLC

**Planet Depos**
**Phone:** 888.433.3767
**Email:** transcripts@planetdepos.com
**www.planetdepos.com**

WORLDWIDE COURT REPORTING & LITIGATION TECHNOLOGY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

SHI INTERNATIONAL CORP., §
Plaintiff, §
VS. § CIVIL ACTION NO: 4:23-CV-200-SDJ
SECURAS TECHNOLOGIES, LLC, §
Defendant. §

**********************************

VIDEOTAPED ORAL DEPOSITION OF

JESSICA COLE

Designated Representative

29th of February, 2024

**********************************

VIDEOTAPED ORAL DEPOSITION OF JESSICA COLE, produced as a witness at the instance of the Defendant, SECURAS TECHNOLOGIES, LLC, and duly sworn, was taken in the above-styled and numbered cause on the 29th of February, 2024, from 9:11 a.m. to 4:58 p.m., before Ashley Cason, RSR, CSR, RPR and Notary Public, in and for the State of Texas, reported by machine shorthand, at SHI International, 3828 Pecana Trail, Austin, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.



APPEARANCES

ON BEHALF OF PLAINTIFF SHI INTERNATIONAL CORP.:

JAMIL N. ALIBHAI
KAREN LEE
MUNSCH, HARDT, KOPF & HARR, PC
500 North Akard Street, Suite 3800
Dallas, Texas 75201
Telephone: (214) 880-1061
Email: jalibhai@munsch.com

ON BEHALF OF DEFENDANT SECURAS TECHNOLOGIES, LLC:

JEFFREY M. TILLOTSON
PEARCE ILIMERE
TILLOTSON, JOHNSON & PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
Telephone: (214) 382-3041
Email: jtillotson@tillotsonlaw.com

ALSO PRESENT:

LAUREN CAPLAN (REMOTELY)
TONI ANDERSON

THE VIDEOGRAPHER:

JEFF GRAUZER

THE REPORTER:

ASHLEY CASON



INDEX

| | PAGE |
|---|---|
| Appearances........................... | 2 |
| Witness, JESSICA COLE | |
| Examination by JEFFREY M. TILLOTSON | 7 |
| Signature and Changes................. | 221 |
| Reporter's Certificate................ | 223 |



EXHIBITS

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 1 | NOD............................... | 12 |
| 2 | SHI Weekly Executive Program Summary | 32 |
| 3 | SHI Presentation SHI-361829....... | 48 |
| 4 | TDCJ — Region 2 Cabling Statement of Work | 51 |
| 5 | Email from Lisa Gauger 5/6/2022... | 71 |
| 6 | Microsoft Teams Conversation 5/11/2022 | 76 |
| 7 | Email from Jessica Cole 10/1/2021 | 77 |
| 8 | Microsoft Teams Conversation 6/16/2022 | 79 |
| 9 | Microsoft Teams Conversation 6/24/2022 | 81 |
| 10 | Microsoft Teams Conversation 7/18/2022 | 86 |
| 11 | Email from Alejandra Angel 8/1/2022 | 89 |
| 12 | Email from Lisa Gauger 8/1/2022... | 96 |
| 13 | Email from Lisa Gauger 10/14/2022. | 103 |
| 24 | Email from Lisa Gauger 10/19/2022. | 118 |
| 15 | Microsoft Teams Conversation 10/19/2022 | 128 |
| 16 | Email from Lisa Gauger 10/19/2022. | 129 |
| 17 | Email from Dustin Fargason 10/19/2022 | 141 |
| 18 | Email from Jessica Cole 10/19/2022 | 144 |
| 19 | Microsoft Teams Conversation 10/20/2022 | 148 |
| 20 | Email from Lisa Gauger 10/21/2022. | 149 |
| 21 | Email from Lisa Gauger 10/21/2022. | 151 |
| 22 | Microsoft Teams Conversation 10/26/2022 | 159 |
| 23 | Microsoft Teams Conversation 10/26/2022 | 162 |

133

to whom? Who told you that from Securus?
**A. This would be David Brennan.**
Q. Okay. But you never spoke to Mr. Brennan about these change requests before he signed them, did you?
**A. I don't remember.**
Q. Okay. Why did you tell Mr. Fargason to contact -- to -- to go through David Brennan?
**A. Because David Brennan was identified as the person who had the authority to make changes to the SOW.**
Q. And in your mind, did that include removing the price caps?
MR. ALIBHAI: Object to the form.
**A. Can you restate the question?**
Q. (BY MR. TILLOTSON) Yes. In your mind, did that mean that Mr. Brennan had the authority to approve removing the NTEs or price caps?
**A. David Brennan was identified as the person who had the authority to make any changes regarding the project.**
Q. Okay. So we're going to get to why you think that in a minute, but -- so in your mind did that mean he could approve any pricing change of any kind to these contracts?
**A. Yes.**
Q. Do you -- did you have that authority? Could

134

you have made any deal you wanted with Mr. Brennan over the pricing on this?
**A. It is the customer's responsibility to approve the change.**
Q. Yes. I didn't mean to cut you off. Please, finish your answer. I'm sorry.
**A. I am not authorizing the change. It's the customer that has to authorize the change.**
Q. Right. But I'm asking you about the limits of your authority now. What if Mr. Brennan had come back and said, no, why don't you guys pay us to finish the project? Did you have the authority to agree to that on behalf of SHI?
MR. ALIBHAI: Object to the form.
**A. No.**
Q. (BY MR. TILLOTSON) Okay. But you -- you thought there were no limits to Mr. Brennan's authority regarding the same subject matter, pricing; is that fair?
**A. I did not know beyond David was identified as the approver to make any changes to the statement of work. So anything beyond that, I was not aware of it.**
Q. Okay. Let me ask you this as -- just so we -- we -- I understand. We'll get to some of the -- the remaining documents. What was the basis you had for

135

believing Mr. Brennan had that authority? Tell me all the things in your mind that you saw, heard or read that made you think that Mr. Brennan had that authority.
**A. Okay. In June Mr. Brennan was introduced to the SHI team as being the person to get all sites up and running ASAP. He was our point of contact for the engagement. Mr. Brennan attended every project-based meeting that we had on the engagement.**
**The sales meeting that took place in early August by the -- which included the SHI sales team and the Securus leadership team, Mr. Brennan also attended that meeting. And it was my understanding that in that meeting that they also discussed Mr. Brennan as being, you know, the primary point of contact for us on the engagement.**
**And then after that meeting in mid-August, I reached out to Greg Saxon and Hezi Benmoshe and David to ask and confirm that David Brennan had the -- was David Brennan the right person to approve any changes. And Hezi Benmoshe said David Brennan is the person to authorize any changes to the SOW. And I believe in that same email request that I even offered to run changes through both Greg and Hezi, and Hezi provided feedback that it was only David Brennan, that he is the person to authorize those changes.**

136

Q. Okay. Anything else?
**A. I would say that David, again, attended all of, you know, the -- he attended the project meetings and would be making decisions and asking questions and giving direction from Securus.**
Q. Okay. Let me just run through those to make sure. Anything else by the way before I ask you follow-up?
Okay. You say he was introduced sometime in May. You don't recall the format by which he was introduced; is that correct?
MR. ALIBHAI: Object to the form.
Q. (BY MR. TILLOTSON) If I remember your prior testimony we asked -- I asked you about this, showed you an email, and you weren't sure how they -- how that happened. Are you remembering some Teams meeting or something else by which they brought David Brennan out and introduced him to you as the point of contact?
**A. In June is when I believe David Brennan was introduced to the team. And I can't remember if it was on an email or in a -- on a meeting, on a project meeting. I would have to go back and look at, you know, specific notes.**
Q. Okay.
**A. If it was on a call specifically or an email**

149

to present the budget?
**A. I'm not certain.**
Q. Okay. What would be the issue if you know -- if you remember at all? What -- what -- what is the issue about how to present the budget to Securus?
**A. I'm really -- I'm really not sure, you know. I would be speculating at best.**
Q. Okay. At the bottom you say, Ben is very worked up, if you can hear him.
Do you know what that's a reference to?
**A. I do.**
Q. What's that?
**A. It's my child.**
Q. Oh, all right. There you go. All right. Let me show what we've marked Exhibit 20.
(Exhibit Number 20 was marked.)
Q. (BY MR. TILLOTSON) Now, this is the next day, and you -- it -- there's a -- a internal email here from Lisa to your folks and you. And this one includes Mr. Huffine, mister -- and Mr. Love. Do you see there?
**A. Uh-huh.**
Q. It says, Good afternoon, SHI SLT team. Attached is the Securus presentation we reviewed with you today. Please let me know if you have -- I think it's any questions and have a great weekend.

150

Do you see that?
**A. Yes, I do.**
Q. So she's showing internally what you guys are going to then share with Securus; is that correct? Or have shared with Securus?
**A. I'm not certain because I don't know the timing of when the Securus meeting was in relation to this one.**
Q. Okay. If you'll look at the first page, the date is October 21st, 2022.
**A. Yes.**
Q. Okay. So was it -- stand to reason that there was a October 21st, 2022, presentation to Securus?
**A. I'm not certain. I would need to look.**
Q. Okay. Can you -- can you look into this and confirm for me is there any discussion in here in this presentation about the change order request?
**A. I do not see any specific reference to a change request.**
Q. Okay. If you'll look on page 233704, 704.
All right. It's page 704.
**A. Okay.**
Q. This is the profit cost and margin by region. Do you see that?
**A. Yes, for open projects only.**
Q. Okay. And it looks like you are including the

151

TDCJ change request as part of this calculation, the ones you hope to get. Is that -- do you understand this to be that way? Or do you know?
**A. I don't remember that --**
Q. Okay.
**A. -- detail.**
Q. But even -- even at this state on October 21st, your profit margins on the Texas project remain in the 20 to 25 percent range; is that fair? Your -- your overall margin?
**A. Yes.**
Q. Now let me show you what we'll mark as the next exhibit. All right. It's Exhibit Number 21.
(Exhibit Number 21 was marked.)
Q. (BY MR. TILLOTSON) All right. This is an email from Lisa to Mr. Brennan copying Ms. Angel, Ms. Morgan and Mr. Fargason attaching some change requests. Do you see that?
**A. Yes, I do see it.**
Q. Okay. And if you'll just confirm and look at these. These are the -- the -- what have been previously described as simple change requests that were moved the NTE for these six SOWs; is that correct?
**A. It's similar to the other change request that was in draft mode. But there's additions in this one to

152

remove sites which weren't present in the other draft.**
Q. Okay. So remove the NTEs and remove some sites which were described as seven inactive sites; is that correct?
**A. Yeah. And I -- I believe we added the SHI will continue to provide monthly billing summaries.**
Q. Okay.
**A. That language is added as well.**
Q. And do you know -- and I'll just represent to you these are -- these are DocuSigned by Mr. Brennan on the 26th. Do you know if you had any conversations with Mr. Brennan from the time period these went out until the time period you learned that they had been DocuSigned by Mr. Brennan?
**A. I do not remember specifically.**
Q. Okay. Did you talk to Mr. Fargason about any other conversations he might have had with Mr. Brennan about this?
**A. I don't remember specifically.**
Q. Okay. Or Ms. Lisa, did -- do you remember having any conversations with her where she'd told you she had talked to David Brennan?
**A. In this -- in this time period, right?**
Q. Yes.
**A. No, not specifically.**

221

CHANGES AND SIGNATURE

WITNESS NAME: JESSICA COLE DATE: FEBRUARY 29, 2024

Reason Codes: (1) to clarify the record; (2) to conform to the facts; (3) to correct a transcription error; (4) others (Please explain)

PAGE LINE CHANGE REASON CODE

____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________
____________________________________________________

Signature: ______________________ Date: ____________

222

ACKNOWLEDGMENT OF DEPONENT

I, JESSICA COLE, do hereby certify that I have read the foregoing pages and that the same is a correct transcription of the answers given by me to the questions therein propounded, except for the corrections or changes in form or substance, if any, noted on the attached errata page.

_____________________________________
JESSICA COLE DATE

223

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

SHI INTERNATIONAL CORP., §
§
Plaintiff, §
§
VS. § CIVIL ACTION NO:
§ 4:23-CV-200-SDJ
SECURAS TECHNOLOGIES, §
LLC, §
§
Defendant. §

*****************************************************

REPORTER'S CERTIFICATION
DEPOSITION OF JESSICA COLE
FEBRUARY 29, 2024

*****************************************************

I, Ashley Cason, RSR, CSR, RPR, and Notary Public, in and for the State of Texas, hereby certify to the following:

That the witness, JESSICA COLE, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

I further certify that pursuant to FRCP No. 30(f)(i), the signature of the deponent:

X was requested by the deponent or a party before the completion of the deposition and that the signature is to be returned within 30 days from date of

224

receipt of the transcript. If returned, the attached Changes and Signature page contains any changes and the reasons therefor;

_____ was not requested by the deponent or a party before the completion of the deposition and that it is being delivered to Mr. Tillotson.

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken. Further, I am not a relative or employee of any attorney on record in this case, nor am I financially or otherwise interested in the outcome of the action.

Certified to by me this 18th of March, 2024.

_____________________________
Ashley Cason, RSR, CSR, RPR
Apprentice No. 10732
Expiration Date: 05/31/2023