# EXHIBIT 66

Planet Depos
We Make It Happen™

# Transcript of Dustin Fargason

**Date:** February 29, 2024
**Case:** SHI International Corp. -v- Securus Technologies, LLC

**Planet Depos**
**Phone:** 888.433.3767
**Email:** transcripts@planetdepos.com
**www.planetdepos.com**

WORLDWIDE COURT REPORTING & LITIGATION TECHNOLOGY

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

SHI INTERNATIONAL CORP., )
Plaintiff, )
VS ) Civil Action No. 4:23-CV-200-SDJ
SECURUS TECHNOLOGIES, LLC, )
Defendant. )

**********************************************

VIDEOTAPED DEPOSITION OF
DUSTIN FARGASON
February 29, 2024

**********************************************

Job No. 527527
Pages 1 - 285
Stenographically Reported by:
Susan S. Klinger, RMR-CRR, CSR



February 29, 2024
9:01 a.m.

VIDEOTAPED DEPOSITION OF DUSTIN FARGASON, produced as a witness at the instance of the Defendant, and duly sworn, was taken in the above-styled and numbered cause on the 29th of February, 2024, from 9:01 to 3:52, before Susan S. Klinger, RMR-CRR, CSR in and for the States of Texas and California, reported by stenographic method, at Munsch Hardt Kopf & Harr, 500 N. Akard Street, Dallas, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.



A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFF:
John Cornwell, Esquire
Emily Means, Esquire
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002-2806
713.222.4066

ON BEHALF OF THE DEFENDANT:
J. Austen Irrobali, Esquire
TILLOTSON, JOHNSON & PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
214.382.3041

Also Present:
William Bird, Esquire (Via Zoom)
Brian Krieger, videographer



I N D E X


| WITNESS | PAGE |
|---|---|
| DUSTIN FARGASON | |
| EXAMINATION BY MR. IRROBALI | 7 |


E X H I B I T S


| No. | Description | |
|---|---|---|
| Exhibit 1 | Statement of Work, SHI-008421 | 27 |
| Exhibit 2 | Email, SHI-210236 | 110 |
| Exhibit 3 | Email, SHI-210240 | 115 |
| Exhibit 4 | Email, SECURUS012199 | 118 |
| Exhibit 5 | Email, SHI-350896 | 129 |
| Exhibit 6 | Email, SHI-441802 | 173 |
| Exhibit 7 | Email, SHI-309072 | 181 |
| Exhibit 8 | Email, SHI-441838 | 194 |
| Exhibit 9 | Email, SHI-386169 | 197 |
| Exhibit 10 | Email, SHI-128291 | 199 |
| Exhibit 11 | Email, SHI-359750 | 203 |
| Exhibit 12 | Email, SHI-306295 | 207 |
| Exhibit 13 | Email, SHI-210651 | 213 |
| Exhibit 14 | Email, SHI-210669 | 226 |
| Exhibit 15 | Email, SHI-306317 | 228 |
| Exhibit 16 | Email, SHI-438148 | 235 |
| Exhibit 17 | Email, SHI-387925 | 253 |

I'm having a hard time reconciling what you said earlier today with needing his contact information on October 19th?
**A I don't believe that I had had his contact saved in my phone.**
Q Okay. So Ms. Gauger provides it to you so that you can make the phone call that Ms. Cole instructed you to?
**A Yes.**
Q All right. Now, that phone call had to happen after 4:34 p.m. on October 19th, correct?
**A Yes.**
Q Because you're getting his contact information and you just told me it is to prepare for that phone call?
**A That's correct.**
Q Okay. I'm going to hand you what we've marked as Exhibit 19.
(Exhibit 19 marked.)
Q If you could hand one to counsel, please, SHI-210513. We're now at 5:18 that afternoon, so 40 minutes after you get the draft email, about 30 minutes after getting Mr. Brennan's contact information. And Ms. Gauger sends this email to you. Hi Dustin, here is my first draft of a



Securus CR to flip the billing to bill as actuals.
Do you see that?
**A Yes.**
Q Based on your conversation with David, do you think something this simple will fly, right?
**A Yes.**
Q All right. So I guess now we can bookend when the phone call took place, right? It happened between the Teams message and the prior exhibit at 4:34 and 5:18 p.m. on the 19th, right?
**A Yes.**
Q How long was your call with Mr. Brennan that day?
**A I don't recall.**
Q It couldn't have been longer, I suppose, than that 40-minute window, right?
**A Presumably not.**
Q Right, because you're now talking about actually getting a draft CR. I'm sorry, that is not correct, I strike that.
You're actually receiving a draft CR from Ms. Gauger reflecting what you say happened in that call, correct?
**A That's correct.**
Q How did she know to draft ACR to flip the



bill to billing as actuals?
**A After my phone call with David, I asked Lisa to prepare the change request and send them to David.**
Q How did you ask her to do that?
**A I don't recall.**
Q I mean --
**A I --**
Q Go ahead.
**A I think Lisa and I were in the office on this day.**
Q In Austin?
**A In Austin.**
Q Okay.
**A So I believe I may have just been able to walk over and ask her.**
Q Let's just take a step back for a second. The swing here if these DNEs are removed is financially enormous, can we agree to that?
**A Say that again.**
Q Sure. You told me this morning that the way the SOW was structured the risk was on SHI if it went over budget. Unless something changed the way it was drafted the risk was on SHI. Do you remember that conversation?



**A No, I'm sorry, which conversation are you referring to?**
Q The financial risk under the statements of work was on SHI if it went over budget, because of the do-not-exceed?
**A That was a potential, yes.**
Q Correct, a potential. Now if this happened, if the DNE gets lifted that risk inverts and it is on Securus because things are being billed as actuals meaning every charge passes through, right?
**A We would continue to bill at the same rates and perform the same scope.**
Q Right, but the budget is gone?
**A The do-not-exceed.**
Q Which you called the budget?
**A The budget is eliminated.**
Q Right. The firewall has been removed and there is no budget. So SHI can pass-through and charge Securus any amount without restriction, right? That is the effect functionally.
**A That's correct.**
Q All right. And that fundamentally shifts or inverts who is at risk, right, because before SHI was at risk if it went over budget now there

265

would be no budget so Securus is at risk, agreed?
**A I'm not sure what the risk is.**
Q Well, you told me this morning there was a potential financial risk on SHI if it went over budget, right?
**A Yes.**
Q All right. If the -- if the DNEs are gone, that risk is gone. The potential financial risk to SHI is also gone, right?
**A Yes.**
Q Instead, the risk is now on Securus, because there is no budget protecting what it might get billed, fair?
**A Correct.**
Q Okay. And what Lisa is asking is based off your conversation with David, does something this simple, the change request that she attaches in attachment, will that fly, correct?
**A That's correct.**
Q And is it your recall that something that simple would, in fact, work?
**A I believe it was.**
Q Okay. Because you testified earlier that in the phone call Mr. Brennan -- actually I don't recall now, so let me ask you again.

266

In the phone call, what was your assessment of Mr. Brennan's response to the two options you presented him?
**A That the second option of trying to calculate budgets and complete sites would be more difficult and that Option 1 would be the easier path for both SHI and Securus.**
Q That is what you understood Mr. Brennan to say?
**A Yes.**
Q Okay. And you recall that specifically?
**A That is my impression of that conversation, yes.**
Q Okay. Did that conversation come up in your prep sessions with Ms. Cole and Ms. Gauger on Monday?
**A It may have been briefly discussed.**
Q What was said?
**A I don't recall the specifics of that dialogue.**
Q Okay. So you have a two-hour meeting on Monday with Ms. Cole and Ms. Gauger, the same people that you are engaged in this series of communications with to -- to change the contract and you don't remember what was discussed other

267

than you knew it was related to depositions happening. And that was Monday, right?
**A Correct.**
Q You don't remember if there was a call on Friday of this week 2024, right?
**A That's correct.**
Q But stunningly you have picture perfect recall of what you believe Mr. Brennan said on October 19th of 2022?
**A I provided what I remember of that conversation.**
Q Okay. And did you discuss with Ms. Cole and Ms. Gauger this Monday this phone call with Mr. Brennan?
**A I believe something was mentioned about this particular call.**
Q Did they share 100 percent your recollection of the events or were there things they remembered slightly differently?
**A I don't remember their sharing their recollection -- recollections of this phone call or event.**
Q Okay. I'm going to hand you what we're marking as Exhibit 20.
(Exhibit 20 marked.)

268

Q If you could give one to counsel, please. This is SHI-078420. Now we have email itself from Dustin Fargason October 19th, 5:20. So putting ourselves in time, we're two hours after the first email draft. An hour after the second draft you send an email specifically to Dave Brennan, correct?
**A Yes.**
Q No one else from Securus is included on this email, correct?
**A Correct.**
Q Did you BCC anyone or is it just you, David, Brennan and Jessica Cole?
**A To my recollection, it was just to David.**
Q Okay. And you say, hey, David here is the invoicing breakdown by site and region. If you will just flip for me to the next page and confirm we're looking at the same charts as you and I just looked at in the previous exhibit?
**A Yes, I believe so.**
Q Okay. You say, I will work with Lisa to generate a CR to adjust our budget and deployment strategy to finish the remaining sites in TDCJ, correct?
**A Yes.**

CERTIFICATE OF SHORTHAND REPORTER

I, Susan S. Klinger, the officer before whom the foregoing deposition was taken, do hereby certify that the foregoing transcript is a true and correct record of the testimony given; that said testimony was taken by me stenographically and thereafter reduced to typewriting under my direction; that reading and signing was not discussed; and that I am neither counsel for, related to, nor employed by any of the parties to this case and have no interest, financial or otherwise in its outcome.

IN WITNESS WHEREOF, I have herunto set my hand on the 8th of March, 2024.

Susan S. Klinger, RMR-CRR, CSR
Texas CSR 6531, Exp: 10/23/25
California CSR 14487, Exp: 11/30/24