# EXHIBIT 69

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SHI INTERNATIONAL CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-200-SDJ |
| | § | |
| SECURUS TECHNOLOGIES, LLC, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

---

**DEFENDANT SECURUS TECHNOLOGIES LLC'S RESPONNSE TO PLAINTIFF SHI INTERNATIONAL CORP'S FIRST SET OF INTERROGATORIES**

---

To: Plaintiff/Counter-Defendant SHI International Corp., by and through its attorneys of record, Jamil N. Alibhai, Jordan R. Curry, Isabelle Hutchinson, John Cornwell; MUNSCH HARDT KOPF & HARR, P.C., 500 N. Akard Street, Suite 3800, Dallas, Texas 75201

Pursuant to the Federal Rules of Civil Procedure, Defendant and Counter-Plaintiff Securus Technologies, LLC, ("Securus") serves its Objections and Responses to Plaintiff and Counter-Defendant SHI International Corp's ("SHI") First Set of Interrogatories as follows:

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify the Invoices, by invoice number, that Securus disputes and the amount disputed for each Invoice.

**RESPONSE:** Securus objects to this Interrogatory as misstating the nature of Securus' conduct and position in this lawsuit. Securus disputes certain invoices, amounts, and work performed by SHI and/or its subcontractors/vendors in relation to the TDCJ Project. Securus contends that amounts invoiced or billed by SHI that are above the contractually agreed-upon price caps are invalid and, in addition, that amounts invoiced or billed for work not performed at all or properly are similarly invalid. Securus further objects to this Interrogatory as it is duplicative of discovery already conducted and disclosures already made in this case.

Subject to those objections, Securus directs SHI to its November 20, 2023 Expert Witness Report of Jeffrey M. Mordaunt. Mr. Mordaunt's report analyzes and describes the amounts that Securus overpaid SHI. Securus further states that any amounts invoiced or billed by SHI above the contractually agreed upon price caps are invalid and disputed by Securus. The invoices in question are equally if not more available to SHI as they are to Securus and thus the information sought by SHI is readily within SHI's possession, custody, and control. Securus further directs SHI to its

forthcoming expert report to be exchanged on December 22, 2023 for additional information and specificity as to the amounts invoiced by SHI that are in dispute, as well as SECURUS 167067, which is an excel spreadsheet summarizing SHI's produced invoices, 1,904 of which Securus marked as "Paid", with 1,672 of these invoices related to the TDCJ Project.

**<u>INTERROGATORY NO. 2</u>:** Identify the Invoices, by invoice number, that Securus does not dispute but has not paid.

**<u>RESPONSE</u>:** Securus objects to this Interrogatory as misstating the nature of Securus' conduct and position in this lawsuit. Securus disputes certain invoices, amounts, and work performed by SHI and/or its subcontractors/vendors in relation to the TDCJ Project. Securus contends that amounts invoiced or billed by SHI that are above the contractually agreed-upon price caps are invalid and, in addition, that amounts invoiced or billed for work not performed at all or properly are similarly invalid. Securus further objects to this Interrogatory as it is duplicative of discovery already conducted and disclosures already made in this case.

Subject to those objections, Securus directs SHI to its November 20, 2023 Expert Witness Report of Jeffrey M. Mordaunt. Mr. Mordaunt's report analyzes and describes the amounts that Securus overpaid SHI. Securus further states that any amounts invoiced or billed by SHI above the contractually agreed upon price caps are invalid and disputed by Securus. The invoices in question are equally if not more available to SHI as to they are to Securus and thus the information sought by SHI is readily within SHI's possession, custody, and control. Securus further directs SHI to its forthcoming expert report to be exchanged on December 22, 2023 for additional information and specificity as to the amounts invoiced by SHI that are in dispute, as well as SECURUS 167067, which is an excel spreadsheet summarizing SHI's produced invoices, 1,904 of which Securus marked as "Paid," with 1,672 of these invoices related to the TDCJ Project.

**<u>INTERROGATORY NO. 3:</u>** Identify the Change Requests that were properly approved pursuant to Securus's internal Change Request approval process.

**<u>RESPONSE</u>:** Securus objects to this interrogatory to the extent it seeks a legal conclusion as to what change requests were "properly approved" as that issue goes to the core dispute between the parties in this case, as a result, necessarily requires Securus to marshal its evidence at this point in the case before discovery has proceeded into depositions. Securus further objects to this interrogatory as premature because discovery is ongoing and Securus may yet identify additional exceptions and/or irregularities in SHI's conduct in this matter. Subject to the foregoing, and without waiving its right to supplement and/or amend this Response as it completes discovery in this case and its investigation into the circumstances surrounding its relationship with SHI, Securus states that the following Change Requests were approved by Securus after the proper change request process was followed by Securus and SHI:

- Lewis Unit
    - CR01 (SHI-079198)
- Polunsky Unit
    - CR01 (SHI-118039)
    - CR03 (SHI-128510)
- Region 2
    - CR02 (SHI-079110)
    - CR03 (SHI-118033)

- Region 3
  - CR01 (SHI-079244)
  - CR02 (SHI-079211)
  - CR03 (SHI-118042)
  - CR04 (SHI-128504)
- Region 4
  - CR01 (SHI-079170)
  - CR02 (SHI-128498)
- Region 5
  - CR01 (SHI-079215)
  - CR02 (SHI-079142)
  - CR03 (SHI-118036)
  - CR04 (SHI-128507)
- Region 6
  - CR01 (SHI-079156)
  - CR02 (SHI-128501)
- Conex
  - CR01 (SHI-069352)

**INTERROGATORY NO. 4:** Identify the Change Requests that were not properly approved pursuant to Securus's internal Change Request approval process.

**RESPONSE:** Securus objects to this interrogatory to the extent it seeks a legal conclusion as to what change requests were "not properly approved" as that issue goes to the core dispute between the parties in this case and, as a result, necessarily requires Securus to marshal its evidence at this point in the case before discovery has proceeded into depositions. Securus further objects to this interrogatory as premature because discovery is ongoing and Securus may yet identify additional exceptions and/or irregularities in SHI's conduct in this matter. Subject to the foregoing, and without waiving its right to supplement and/or amend this Response as it completes discovery in this case and its investigation into the circumstances surrounding its relationship with SHI, Securus states that the following Change Requests were not approved by Securus because the proper change request process was not followed by Securus and SHI:

- Polunsky CR04 (SHI-078502)
- Region 2 CR04 (SHI-078496)
- Region 3 CR05 (SHI-078520)
- Region 4 CR03 (SHI-078490)
- Region 5 CR05 (SHI-078508)
- Region 6 CR03 (SHI-078514)

**INTERROGATORY NO. 5:** Identify the section(s) of the SOWs SHI allegedly breached by "fail[ing] to provide proper services and equipment invoices as required under the SOWs." Counterclaim § 82.

**RESPONSE:** Securus objects to this interrogatory to the extent it seeks a legal conclusion as to what provisions of the various SOWS between the parties were breached as that issue goes to the core dispute between the parties in this case and, as a result, necessarily requires Securus to marshal its evidence at this point in the case before discovery has proceeded into depositions. Securus further objects to this interrogatory as premature because discovery is ongoing and Securus may

yet identify additional exceptions and/or irregularities in SHI's conduct in this matter. Subject to the foregoing, and without waiving its right to supplement and/or amend this Response as it completes discovery in this case and its investigation into the circumstances surrounding its relationship with SHI, Securus states that, at a minimum, it believes the following provisions in the SOWs between the parties were breached by SHI:

- Duncan (SHI-008179 – SHI-008200)
    - Section 1
    - Section 2.1
    - Section 2.2
    - Section 2.4
    - Section 2.5
    - Section 3
    - Section 3.1
    - Section 5
    - Section 7
    - Section 8
    - Section 9
    - Section 10
    - Section 11
    - Section 14
    - Section 16
    - Section 17

- Kegans (SHI-00417 – SHI-004193)
    - Section 1
    - Section 2.1
    - Section 2.2
    - Section 2.4
    - Section 2.5
    - Section 3
    - Section 4
    - Section 5
    - Section 7
    - Section 8
    - Section 9
    - Section 10
    - Section 11
    - Section 12
    - Section 15
    - Section 17
    - Section 18

- Lewis (SHI-008125 – SHI-008140)
    - Section 1
    - Section 2.1
    - Section 2.2
    - Section 2.4
    - Section 2.5
    - Section 3
    - Section 4
    - Section 5
    - Section 7
    - Section 8
    - Section 9
    - Section 10
    - Section 11
    - Section 14
    - Section 16
    - Section 17

- Polunsky (SHI-008104 – SHI-008124)
    - Section 1
    - Section 2
    - Section 2.1
    - Section 2.2
    - Section 2.4
    - Section 2.5
    - Section 3
    - Section 4
    - Section 5
    - Section 7
    - Section 8
    - Section 9
    - Section 10
    - Section 11
    - Section 14
    - Section 16
    - Section 17

- Region 2 (SHI-008421 – SHI-008464)
  - Section 1
  - Section 2
  - Section 2.1
  - Section 2.2
  - Section 2.4
  - Section 2.5
  - Section 3
  - Section 4
  - Section 5
  - Section 7
  - Section 8
  - Section 9
  - Section 10
  - Section 11
  - Section 14
  - Section 16
  - Section 17
  - Section 18

- Region 3 (SHI-01351 – SHI013085)
  - Section 1
  - Section 2
  - Section 2.1
  - Section 2.2
  - Section 2.4
  - Section 2.6
  - Section 2.7
  - Section 2.8
  - Section 3
  - Section 4
  - Section 5
  - Section 6
  - Section 7
  - Section 8
  - Section 9
  - Section 10
  - Section 15
  - Section 16

- Region 4 (SHI-013026 – SHI-103050)
  - Section 1
  - Section 2
  - Section 2.1
  - Section 2.2
  - Section 2.4
  - Section 2.6
  - Section 2.7
  - Section 2.8
  - Section 3
  - Section 5
  - Section 6
  - Section 7
  - Section 8
  - Section 9
  - Section 10
  - Section 13
  - Section 15
  - Section 16

- Region 5 (SHI-078529 – SHI-078570)
  - Section 2
  - Section 3
  - Section 3.4
  - Section 3.5
  - Section 4
  - Section 5
  - Section 6
  - Section 8
  - Section 9
  - Section 10
  - Section 11
  - Section 12
  - Section 15
  - Section 17
  - Section 18
  - Section 19

- Region 6 (SHI-011528 – SHI-011559)
  - Section 1
  - Section 2
  - Section 2.1
  - Section 2.2
  - Section 2.3
  - Section 2.4
  - Section 2.6
  - Section 2.7
  - Section 2.8
  - Section 3
  - Section 5
  - Section 6
  - Section 7
  - Section 8
  - Section 9
  - Section 10
  - Section 13
  - Section 15
  - Section 16

**INTERROGATORY NO. 6:** Identify all subcontractors and vendors that Securus independently retained, hired, or paid to complete the TDCJ Project following Securus's termination of the TDCJ SOWs.

**RESPONSE:** Securus objects to this request as seeking information that is irrelevant in that who Securus retained, hired, or paid to complete the TDCJ Project following the end of the Securus-SHI relationship does not have a tendency to make any fact more or less probable or of any consequence in determining this action. The dispute between the parties here is whether or not Securus has paid all properly submitted invoices or overpaid based on SHI's alleged misconduct. Who – if anyone – Securus engaged to work on the TDCJ Project other than or after SHI is not germane to that issue, thus SHI's Interrogatory seeks irrelevant information and is meant solely to harass or cause Securus undue hardship.

**INTERROGATORY NO. 7:** State the amount Securus has paid to each subcontractor and vendor that Securus retained, hired, or paid to complete the TDCJ Project following Securus's termination of the TDCJ SOWs.

**RESPONSE:** Securus objects to this request as seeking information that is irrelevant in that who Securus retained, hired, or paid to complete the TDCJ Project following the end of the Securus-SHI relationship does not have a tendency to make any fact more or less probable or of any consequence in determining this action. The dispute between the parties here is whether or not Securus has paid all properly submitted invoices or overpaid based on SHI's alleged misconduct. Who – if anyone – Securus engaged to work on the TDCJ Project other than or after SHI is not germane to that issue, thus SHI's Interrogatory seeks irrelevant information and is meant solely to harass or cause Securus undue hardship.

**INTERROGATORY NO. 8:** For each Change Request identified in Count I of the Complaint, identify—by date and people who executed it—any amendment to the SOWs to which the Change Requests relate.

**RESPONSE:** Securus objects to this interrogatory to the extent it seeks a legal conclusion as to what change requests were amended, as a result, necessarily requiring Securus to marshal its evidence at this point in the case before discovery has proceeded into depositions.

Subject to the foregoing, Securus states that none of the change requests identified in Count I of the Complaint were made by amendment to the SOWs to which the Change Requests relate (as phrased by SHI).

**INTERROGATORY NO. 9:** State the amount paid to Securus by the state of Texas for the TDCJ Project.

**RESPONSE:** Securus objects to this request as seeking information that is irrelevant in that what Securus may have been paid by the State of Texas for the TDCJ Project does not have a tendency to make any fact more or less probable or of any consequence in determining this action. Securus further objects that this Interrogatory seeks information readily available to SHI by way of a public information act request and is therefore unnecessarily burdensome. Subject to the foregoing, Securus states that it was not paid any amounts by the state of Texas for the TDCJ Project.

Dated: December 12, 2023

Respectfully submitted,

*/s/ Austen Irrobali*

Jeffrey M. Tillotson (*lead counsel*)
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Joseph A. Irrobali
Texas Bar No. 24092564
airrobali@tillotsonlaw.com
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile
**TILLOTSON, JOHNSON & PATTON**

*Attorneys for Defendant and Counter-Plaintiff Securus Technologies, LLC*

**CERTIFICATE OF SERVICE**

On November 28, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served Plaintiffs' counsel of record electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Jamil N. Alibhai
State Bar No. 00793248
jalibhai@munsch.com

Jordan R. Curry
State Bar No. 24116242
jcurry@munsch.com
Isabelle Hutchinson
State Bar No. 24116551
ihutchinson@munsch.com

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

John Cornwell
State Bar No. 24050450
jcornwell@munsch.com

Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: (713) 222-1470
Facsimile: (713) 222-1475

*/s/ Austen Irrobali*
Austen Irrobali

**DECLARATION**

I, William C. Bird, hereby declare under oath and penalty of perjury, under the laws of the United States of America, that I have read the foregoing and that, to the best of my knowledge and belief, formed after a good faith review and inquiry, said answers are true, correct, and complete, except as where otherwise noted.

Dated: December 12, 2023

William Bird

William C. Bird